CT Corporation

**Service of Process Transmittal**
11/26/2019
CT Log Number 536715083

| | |
|---|---|
| **TO:** | Evelyn Shadley, Legal Assistant<br>Enterprise Holdings, Inc.<br>600 Corporate Park Dr<br>Saint Louis, MO 63105-4211 |
| **RE:** | **Process Served in West Virginia** |
| **FOR:** | EAN Holdings, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph Huff vs. Ean Holdings, Llc D/B/A Enterprise Rent-A-Car, A Foreign Limited Liability Company |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, First Set Of Interrogatories, First Set Of Request |
| **COURT/AGENCY:** | Kanawha County - Circuit Court, WV<br>Case # 19C1107 |
| **NATURE OF ACTION:** | Insurance Litigation - 1/26/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/26/2019 postmarked on 11/20/2019 |
| **JURISDICTION SERVED :** | West Virginia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Charles M. Love, IV<br>The Love Law Firm, PLLC<br>405 Capitol Street, Suite 309<br>Charleston, WV 25301<br>(304)344-5683 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780112875867<br><br>Image SOP<br><br>Email Notification,  Brian Braunstein  Brian.S.Braunstein@ehi.com<br><br>Email Notification,  Evelyn Shadley  EVELYN.SHADLEY@EHI.COM<br><br>Email Notification,  SONA THAXTON  Sona.Thaxton@ehi.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / YC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not co[...]

**EXHIBIT**
**A**



7.00

CERTIFIED MAIL

U.S. POSTAGE ⟫ PITNEY BOWES

ZIP 25311  $ 007.00⁰
02 4W
0000336734 NOV 20 2019

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

**USPS CERTIFIED MAIL™**



9214 8901 1251 3410 0002 6158 09

EAN HOLDINGS, LLC
C. T. Corporation System
1627 QUARRIER ST.
CHARLESTON, WV 25311



**Mac Warner**
Secretary of State
State of West Virginia
Phone: 304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

Control Number: 248335

Defendant: EAN-HOLDINGS, LLC
1627 QUARRIER ST.
CHARLESTON, WV 25311 US

Agent: C. T. Corporation System

County: Kanawha

Civil Action: 19-C-1107

Certified Number: 92148901125134100002615809

Service Date: 11/18/2019

I am enclosing:

1 interrogatories, 1 request for production, 1 request for admissions, 1 summons and complaint

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

Mac Warner

Mac Warner
Secretary of State

# SUMMONS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

JOSEPH HUFF,

      Plaintiff,

v.

Civil Action No. 19C-1907
(Honorable _Webster_)

EAN HOLDINGS, LLC d/b/a
ENTERPRISE RENT-A-CAR,..................... Agent: CT Corporation System
a foreign limited liability company,        1627 Quarrier Street
      Charleston, West Virginia 25311-2124

      Defendant.

To the above-named Defendant: EAN HOLDINGS, LLC d/b/a
ENTERPRISE RENT-A-CAR

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon Charles M. Love, IV, plaintiff's attorney, whose address is 405 Capitol Street, Suite 309, West Virginia, 25301, an answer including any related counterclaim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you along with a copy of "Plaintiff's First Set of Interrogatories to Defendant," "Plaintiff's First Set of Requests for Production of Documents to Defendant," and "Plaintiff's First Set of Requests for Admissions to Defendant." You are required to serve your answer to the Complaint within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim

you may have which must be asserted by counterclaim in the above styled civil action. The attached discovery requests contain the information about when and how your responses to those requests may be made.

Dated: _____11/13/19_____          **Cathy S. Gatson, Clerk**
                                      Clerk of Court

                                   By: _____Clugh_____

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA FILED

*2019 NOV 13 P 1: 55*

CATHY S. GATSON, CLER
KANAWHA COUNTY CIRCUIT COURT

JOSEPH HUFF,

        Plaintiff,

v.

        Civil Action No. 19-C-1107
        (Honorable _Webster_ )

EAN HOLDINGS, LLC d/b/a
ENTERPRISE RENT-A-CAR,
a foreign limited liability company,

        Defendant.

## COMPLAINT

Comes now the Plaintiff, Joseph Huff, and for his complaint against the defendant, alleges and avers as follows:

## COUNT I

1.      That Plaintiff, Joseph Huff is, and all times pertinent hereto was, a citizen of the State of West Virginia, residing at or near Elkview, Kanawha County, West Virginia.

2.      That Defendant, EAN Holdings, LLC d/b/a Enterprise Rent-A-Car, is, and at all times pertinent hereto was, a limited liability company organized and existing under the laws of the State of Delaware, is authorized and qualified to do business in the State of West Virginia, including Kanawha County, West Virginia, with its principle place of business located in St. Louis, Missouri.

3.      Plaintiff's claim against the defendant arises out of an incident occurring on January 26, 2019, on property which, to plaintiff's knowledge, information and belief was owned, operated, maintained and/or controlled by Defendant, EAN Holdings, LLC

d/b/a Enterprise Rent-A-Car, located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, which property was otherwise open for use by the public and, as such, any person who would come onto the premises was a business invitee of Defendant, EAN Holdings, LLC d/b/a Enterprise Rent-A-Car, and it had an affirmative duty to examine the premises for unsafe or dangerous conditions; correct any unsafe or dangerous conditions; and otherwise keep and maintain the premises in a safe condition.

4.      That on and prior to January 26, 2019, the Defendant, EAN Holdings, LLC d/b/a Enterprise Rent-A-Car, allowed black ice to be on the sidewalk of its place of business. The ice caused a slipping hazard which was reasonably foreseeable to the defendant and its agents; however, the hazard was not open and obvious to visitors of the property.

5.      That on January 26, 2019, the Defendant, EAN Holdings, LLC d/b/a Enterprise Rent-A-Car, negligently did not clean up or warn visitors of the ice on the aforementioned sidewalk of their store, such negligence by the defendant proximately caused Plaintiff, Joseph Huff to fall and seriously injure himself on January 26, 2019, despite the plaintiff keeping a proper lookout.

6.      That Defendant, EAN Holdings, LLC d/b/a Enterprise Rent-A-Car, through its agents, servants and employees, who were acting within the scope of their employment, negligently, carelessly, wrongfully and unlawfully allowed their sidewalk to remain icy, unsafe and dangerous; failed to inspect the premises for this unsafe and dangerous condition; failed to warn its business invitees, including plaintiff, about this

unsafe and dangerous condition; and failed to keep and maintain its premises in a safe condition.

7.     That as a direct and proximate result of the defendant's negligent, careless, wrongful and unlawful conduct, as aforesaid, but not limited to the aforesaid, plaintiff was caused to fall and be injured.

8.     As a direct and proximate result of the negligent, careless, wrongful and unlawful conduct as aforesaid, but not limited to the aforesaid, of the Defendant, EAN Holdings, LLC d/b/a Enterprise Rent-A-Car, the Plaintiff, Joseph Huff, was caused to be severely injured in and about his body for which reasonable and necessary medical expenses exceed the sum of $6,558.41, to date, and inasmuch as part of his injuries are permanent and lasting in nature, he has and will in the future be caused to incur medical and medically related expenses and will be caused to suffer and have great pain of body and mind, loss of enjoyment of life and other impairments and disabilities.

WHEREFORE, the Plaintiff, Joseph Huff demands judgment of and from the Defendant, EAN Holdings, LLC d/b/a Enterprise Rent-A-Car, for compensatory damages together with pre-judgment interest, post-judgment interest and costs.

## COUNT II

Comes now the Plaintiff, Joseph Huff, and for Count II of his complaint against the defendant, alleges and avers as follows:

9.     That he incorporates by reference paragraph nos. 1 through 8 of Count I into this Count II as if set forth herein verbatim.

3

10.    That as a proximate result of defendant's conduct, as aforesaid, they created, maintained and allowed the premises to become a nuisance.

11.    That as a direct and proximate result of the defendant's creation and maintenance of the nuisance, Plaintiff, Joseph Huff was injured and sustained those same damages as alleged in Count I as if fully set forth herein.

WHEREFORE, the Plaintiff, Joseph Huff demands judgment of and from the Defendant, EAN Holdings, LLC d/b/a Enterprise Rent-A-Car, for compensatory damages together with pre-judgment interest, post-judgment interest and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY.

JOSEPH HUFF,

By Counsel,

Charles M. Love, IV (WVSB# 7477)
The Love Law Firm, PLLC
405 Capitol Street, Suite 309
Charleston, West Virginia 25301
(304) 344-5683
*Counsel for Plaintiff*
S:\2\0028\P001.docx

4

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

JOSEPH HUFF,

       Plaintiff,

v.

                                      Civil Action No._____
                                      (Honorable _____)

EAN HOLDINGS, LLC d/b/a
ENTERPRISE RENT-A-CAR,
a foreign limited liability company,

       Defendant.

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT

Pursuant to the provisions of Rule 33 of the West Virginia Rules of Civil Procedure, the plaintiff, by counsel, hereby requests the defendant to whom these interrogatories are directed to answer in writing and under oath the following interrogatories and that within forty-five (45) days from service hereof the answers be returned to plaintiff's counsel.

## INTRODUCTION

In answering these interrogatories, defendant must furnish all requested information, not subject to a valid objection that is known by, possessed by, or available to it or any of its attorneys, consultants, representatives, or other agents. If the defendant is unable to answer fully any of these interrogatories, the defendant must respond to them to the fullest extent possible, specifying the reason or reasons for its inability to respond to the remainder, and stating whatever information, knowledge, or belief it has concerning the unanswerable portion. An evasive or incomplete answer or response is

deemed to be a failure to answer under Rule 37 of the West Virginia Rules of Civil Procedure, and may render such defendant liable for the sanctions set forth in said Rule. Moreover, a failure to answer within the time provided in the Rules is deemed a waiver of any otherwise valid objection.

Each lettered subpart of a numbered interrogatory is to be considered a separate interrogatory for the purpose of objection. The defendant must object separately to each subpart, and if it objects to less than all of the subparts of a numbered interrogatory, then it must answer or respond to the remaining subparts. In addition, if the defendant objects to an interrogatory or a subpart thereof as calling for information which is beyond the scope of discovery (e.g., "not reasonably calculated to lead to the discovery of admissible evidence," "work product," "unduly burdensome," etc.) it must, nevertheless, answer the interrogatory or subpart thereof to the extent that it is not objectionable.

The defendant must supplement responses to these interrogatories when so requested by the plaintiff prior to trial. In addition, without being requested to do so by the plaintiff, defendant must seasonably supplement the answers to all interrogatories seeking the identification of persons having knowledge of discoverable matters and the identification of persons expected to be called as witnesses, expert and otherwise, at trial. Also, and without being requested to do so by the plaintiff, the defendant must also amend any answer or response when it is discovered to have been incorrect when made or when it is discovered to be no longer true and circumstances are such that a failure to supplement is in substance a knowing concealment.

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "defendant" or "you" in their various forms mean the defendant to whom these interrogatories are directed, its attorneys, consultants, directors, officers, employees, and agents, and other persons who are acting or have acted on behalf of the defendant including, but not limited to, former consultants, directors, officers, employees or agents.

2.      The term "person" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, unincorporated association, limited partnership, trust, joint venture or any other entity of any description.

3.      The term "identify" when used with respect to an individual person means to state his name, job title, or classification, name of his employer, name of his immediate supervisor, address of his office or work place, and current home address (or last known home address, last known employer or business affiliation, last known job title or classification, and last known office or working address).

4.      The term "identify" when used with respect to a person which is a partnership, firm, corporation, association, unincorporated association, limited partnership, trust, joint venture, or other entity of any description means to state its name, business address and principal place of doing business.

5.      The term "documents" shall mean any written, printed, typed, recorded, computerized or graphic matter, however produced or reproduced, whether draft or final, original or reproduction, in your possession, custody, or control, or in the possession, custody or control of any of your attorneys, employees, investigators,

3

consultants, or other persons or business entities acting in or on your behalf. "Document" or "documents" shall include, but not limited to, correspondence, memoranda, notes, desk or other calendar, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, charts, ledgers, drawings, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, films, transcripts, graphic or aural records or representations of any kind, of which you have knowledge of which are now or were formerly in your actual or constructive possession, custody, or control.

6. The term "possession, custody or control" includes the joint and several possession, custody or control not only by the persons or entities to whom these interrogatories and requests are addressed, but also the joint or several possessions, custody, or control by each or any other person or entity acting or purporting to act on behalf of the persons or entities, whether as an employee, attorney, accountant, agent, sponsor, spokesman or otherwise.

7. The term "identify" when used with respect to a document means to state its date, author, addressee, present location, and any other information necessary to seek its production under the Rules of Civil Procedure, or, in the alternative, you may produce the document(s).

4

8.     The term "describe," when used with respect to a meeting, action, event, contact, or other occurrence, means to state its date, location, nature (e.g., meeting, telephone conversation, interview, conference, etc.), subject matter and to identify all personal participating therein.

9.     The term "contact" means any communication of any kind.

10.    In construing or interpreting these interrogatories, all words of a conjunctive meaning (e.g. "or"), and vice versa, or both, whichever reading which results in the production of the larger amount of information or documents being the correct reading.

11.    With regard to the above definitions and to all words in these interrogatories, the singular includes the singular and the plural, the masculine gender includes the masculine, feminine, and neuter gender; and, the present tense includes all forms of the present and past tense.

## INTERROGATORIES

1.     State your full legal name during the period 2009 to the present.

**ANSWER:**


2.     For the period 2009 to the present, state your place of incorporation, your business purpose, and explain any and all business(es) you were engaged in directly or indirectly in Kanawha County, West Virginia.

**ANSWER:**

5

3.      Please identify and list any and all audit inquiries made by the defendant and disclosed to its auditors regarding pending or threatened litigation which involves alleged injury on any of the EAN Holdings, LLC d/b/a Enterprise Rent-A-Car's premises in West Virginia.   In responding to this interrogatory, the defendant may limit its response to the years 2009 through the present.

**ANSWER:**


4.      Please identify and list the names, firms, and addresses of the auditors which have audited the defendant from 2009 to the present.

**ANSWER:**


5.      State for the period of 2009 to the present who has owned the land on which you operate the Enterprise Rent-A-Car located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, including such individual or entity's name, address, and telephone number.  If it is or was owned by an entity which is a corporation, also include its state of incorporation as well as its principal place of business.

**ANSWER:**


6.      State for the period of 2009 to the present whether you have had any other claims in West Virginia involving premises liability, including but not limited to claims alleging negligence and nuisance, filed against you arising from events occurring on any of EAN Holdings, LLC d/b/a Enterprise Rent-A-Car's premises in West Virginia.  If so,

6

state: the name of the person making said claim; the date said claim was made; the civil

action number of said claim; the state and county where said claim was filed; and the

current status of said claim.

**ANSWER:**


7.    State the name, address and telephone number of each person who has, or

may have, knowledge of any discoverable matters involved in this suit.

**ANSWER:**


8.    With regard to each person listed in the preceding interrogatory, state

whether you or anyone acting on your behalf has obtained a statement from him or her.

If so, state for each:  the name, address and telephone number of the person(s) in whose

presence the statement was made; the time and date when the statement was made;

whether the statement was written, oral, recorded or given before a stenographer; and

the current custodian of the statement if it was written, recorded or given before a

stenographer.

**ANSWER:**


9.    State the name and address of each expert or rebuttal witness you intend to

call in the trial of this case, and for each expert witness state:

      a.    The subject matter of his testimony and the basis of his opinion;

      b.    The substance of the facts and opinions to be offered;

7

c.   A summary of the grounds for each opinion including, but not limited to, all books, documents, materials, reports, letters, tests, examinations, experiences, or other tangible or intangible things upon which the expert relies;

d.   The name and address of all businesses, organizations or associates, if any, with which each expert is associated and/or employed; and

e.   Identify all other witnesses (including addresses and telephone numbers), or documents upon which he will rely.

**ANSWER:**

10.    Do you contend that any other person, entity, or circumstance is responsible for the damages sustained by plaintiff; if so, state the facts upon which such contention is based, and whether there was or is any contract, agreement or other mutual understanding between you and said person or entity.  If documentation of such agreement exists, state the name and address of the custodian thereof.

**ANSWER:**

11.    As to each affirmative defense contained in your answer to plaintiff's complaint, state each and every fact upon which such defense is based, and the name, address and telephone number of each witness who can testify to such facts, identify all documents of any kind or nature which would support such defense, and identify the particular statute, rule, regulation, or law upon which such defense is based.

**ANSWER:**

12.    Do you have knowledge of any incident report, investigation, statement, memorandum, recording, testimony, or any other document, whether signed or not and whether prepared by you or not, concerning the subject matter of the plaintiff's claims? If so, state the following:

  a. Name and address of witness or person referred to;

  b. Date of taking or making same;

  c. Name and address of person who has possession of the same;

  d. Name, address, telephone number, and employer of the person making or taking the same;

  e. Name, address, telephone number, and employer of the person at whose request the same was made or taken.

**ANSWER:**


13.    Do you know of any person who claims to have heard the plaintiff or any representative, agent or servant of the defendant make any statement pertaining to the events of which plaintiff complains, and, if so, state what was said and indicate the full name and last known address of every such person known to the defendant or to its attorney, as well as when and where this person allegedly made any such statements.

**ANSWER:**


14.    Identify all documents or other tangible things not otherwise identified herein, including the full name and address of the current custodian thereof, relating to, referring to, or regarding the claims or defenses of any party to this action.

**ANSWER:**


15.    With respect to each lay person whom the defendant intends to call as a witness at trial, state the following:

        a.    Name and address;

        b.    The subject matter about which the person is expected to testify; and

        c.    A summary of the facts to which the person is expected to testify.

**ANSWER:**


16.    Identify by name, address, telephone number, and position, each individual who was employed by you (including management positions) in January 2019 at the Enterprise Rent-A-Car located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, where the plaintiff was injured.  Furthermore, specify which employees were working during the date of January 26, 2019, and their respective shifts.

**ANSWER:**


17.    State whether from 2009 to the present, any persons, including but not limited to your own agents, servants, or employees as well as your customers, ever complained to you or any of your agents, servants, or employees regarding the presence of ice on the sidewalk at the Enterprise Rent-A-Car located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia.

**ANSWER:**

18.    State whether any schedules, policies, or procedures exist concerning the upkeep, inspection, cleaning and maintenance of potentially icy areas, including but not limited to, how often they should be inspected for dangerous conditions or areas in need of clean-up or repair or other maintenance and what action should be taken when areas in need of repair, clean-ups or other maintenance are discovered.

**ANSWER:**

19.    State when the icy area that the Plaintiff, Joseph Huff was injured on had last been inspected prior to him being injured.  Further, state what action was taken and by whom.

**ANSWER:**

20.    State whether any action was taken subsequent to the incident wherein the plaintiff was injured to repair, clean-up or otherwise remove any defects, problems, or unsafe conditions which may have caused or contributed to his injuries.

**ANSWER:**

21.    State the name and address of your insurance company(ies) and the dollar amount of any policy limits which were in force and effect from 2014 to the present and which would in any way apply to any liability you might have in this case or which could otherwise cover a claim for damages incurred by the plaintiff in this case, and identify such policies.

11

**ANSWER:**

22.    If any of the defendant's responses to the requests for admissions were anything other than an unqualified admission, please set forth each and every fact, identify each and every document and each and every witness who will support your response. When identifying witnesses, kindly advise as to the specifics of each witness' expected testimony at trial.

**ANSWER:**

                                        **JOSEPH HUFF,**

                                        **By Counsel,**

Charles M. Love, IV (WVSB# 7477)
The Love Law Firm, PLLC
405 Capitol Street, Suite 309
Charleston, West Virginia 25301
(304) 344-5683
*Counsel for Plaintiff*
S:\2\0028\D001.docx

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

JOSEPH HUFF,

        Plaintiff,

v.
                                       Civil Action No._____
                                       (Honorable _____)

EAN HOLDINGS, LLC d/b/a
ENTERPRISE RENT-A-CAR,
a foreign limited liability company,

        Defendant.

### PLAINTIFF'S FIRST SET OF REQUESTS FOR
### PRODUCTION OF DOCUMENTS TO DEFENDANT

Pursuant to the provisions of Rules 34 of the West Virginia Rules of Civil Procedure, the plaintiff, by counsel, hereby requests that the defendant produce the following requested documents and things either by attaching the original of the same to the answers to these requests for production or by making the same available for inspection and copying at such time and place as may be agreed upon by counsel for the parties, but within forty-five (45) days after service of these requests for production.

### INTRODUCTION

In answering these requests for production, the defendant must furnish all requested information, not subject to a valid objection that is known by, possessed by, or available to it or any of its attorneys, consultants, representatives, or other agents. If the defendant is unable to answer fully any of these requests for production, the defendant must respond to them to the fullest extent possible, specifying the reason or reasons for its inability to respond to the remainder, and stating whatever information, knowledge,

or belief it has concerning the unanswerable portion.  An evasive or incomplete answer or response is deemed to be a failure to answer under Rule 37 of the West Virginia Rules of Civil Procedure, and may render such defendant liable for the sanctions set forth in said Rule.  Moreover, a failure to answer within the time provided in the Rules is deemed a waiver of any otherwise valid objection.

Each lettered subpart of a numbered request for production is to be considered a separate interrogatory for the purpose of objection.  The defendant must object separately to each subpart, an if it objects to less than all of the subparts of a numbered request for production, then it must answer or respond to the remaining subparts.  In addition, if the defendant objects to a request for production or a subpart thereof as calling for information which is beyond the scope of discovery (e.g., "not reasonably calculated to lead to the discovery of admissible evidence," "work product," "unduly burdensome," etc.) it or he must, nevertheless, answer the request for production or subpart thereof to the extent that is not objectionable.

Defendant must supplement responses to these requests for production when so requested by the plaintiff prior to trial.  Also, and without being requested to do so by the plaintiff, the defendant must also amend any answer or response when it is discovered to have been incorrect when made or when it is discovered to be no longer true and circumstances are such that a failure to supplement is in substance a knowing concealment.

2

## INSTRUCTIONS

1.    If you object to any request to produce, or subpart thereof, asserting relevancy, privilege or immunity as grounds, then as to each document objected to please provide the following information:

    a.    The name of the document;

    b.    The date of the document;

    c.    The name of the person form whom the document was prepared;

    d.    The names of all persons provided with the documents or a copy thereof; and,

    e.    The subject matter of the document and a description of the subject matter of the document sufficient to allow the court to rule on a motion to compel.

2.    The term "document" shall mean any written, printed typed, recorded, computerized or graphic matter, however produced or reproduced, whether by draft or final, original or reproduction, in your possession, custody, or control, or in the possession, custody or control of any of your attorneys, employees, investigators, consultants, or other persons or business entities acting in or on your behalf. "Document" or "documents" shall include, but not limited to, correspondence, memorandum, notes, desk or other calendar, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, invoices, statements, charts, ledgers, drawings, receipts, returns, warranties, guarantees, summaries, pamphlets, books, prospectuses, interoffice and intra-office communications, offer, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, telefax, invoices, worksheets, and all drafts,

3

alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, films, transcripts, graphic or aural records or representations of any kind, of which you have knowledge or which are now or were formerly in your actual or constructive possession, custody, or control. In addition, it includes any and all of the above which may be stored on computer or computer discs, including memos and records prepared, stored and/or retrievable by electronic means, including computer "e-mail, and other electronically recorded memos. Also produce all type-recorded and video-taped recorded meetings and conversations concerning any of the above documents. If summaries of data have been prepared by you of data, studies or reports, produce the summaries or tables.

3.      The term "possession, custody or control" includes the joint and several possession, custody or control not only by the person to whom these interrogatories and requests are addressed, but also the joint or several possession, custody, or control by each or any other person acting or purporting to act on behalf of the person, whether as an employee, attorney, accountant, agent, sponsor, spokesman or otherwise.

### REQUESTS FOR PRODUCTION

1.      Please produce any and all documents relevant to establishing for the period of 2009 to the present your place of incorporation, your business purpose, and any business you were engaged in directly or indirectly in Kanawha County, West Virginia, including but not limited to your Articles of Incorporation and any amendments thereto. **RESPONSE:**

4

2.    Please produce any and all documents relevant to establishing all business licenses and/or authorizations which you possess or possessed to conduct business in Charleston, Kanawha County, West Virginia.

**RESPONSE:**

3.    Please produce any and all documents which involve audit inquiries regarding pending or threatened litigation which regards alleged injuries on any EAN Holdings, LLC d/b/a Enterprise Rent-A-Car's premises in West Virginia. In responding to this request, the defendant may limit its response to the years 2009 through the present.

**RESPONSE:**

4.    Please produce any and all documents relevant to establishing for the period of 2009 to the present who has owned the land on which you operate the Enterprise Rent-A-Car located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, including such individual or entity's name, address, and telephone number.

**RESPONSE:**

5.    Please produce any and all documents relevant to establishing for the period of 2009 to the present whether you have had any other claims involving premises liability, including but not limited to claims of negligence and nuisance, filed against you arising from events occurring at any of EAN Holdings, LLC d/b/a Enterprise Rent-A-Car's premises in West Virginia.

5

**·RESPONSE:**

6.      Please produce any and all documents relevant to establishing the name, address and telephone number of each person who has, or may have, knowledge of any discoverable matters involved in this suit.

**RESPONSE:**

7.      Please produce any and all statements that you have taken from any witness in this case or other individual having any relevant knowledge or information.

**RESPONSE:**

8.      Please produce any reports, memorandum, e-mails, letters or other documents which contain any opinions held by any experts you have retained.

**RESPONSE:**

9.      Please produce all documents of any kind or nature which any expert you may call to testify at trial may use or rely upon as a basis for his/her opinion.

**RESPONSE:**

10.     Please produce any and all documents relevant to your belief that any other person or entity is responsible for the damages sustained by the plaintiff.

**RESPONSE:**

6

11.    Please produce any and all documents or items relevant to your affirmative defenses.

**RESPONSE:**

12.    Please produce all reports, statements and documents received by you from plaintiff or from anyone which relates in any way to what happened to the plaintiff, the cause of plaintiff's fall, the treatment of plaintiff and in any way relating to this lawsuit.

**RESPONSE:**

13.    Please produce any and all insurance policies and certificates of insurance which would in any way apply to you or which could otherwise cover a claim for damages incurred by the plaintiff in this case.

**RESPONSE:**

14.    Please produce any and all photographs, videotapes, recordings, sound recordings or other documents (other than witnesses' statements) which show, depict or describe in any way any of the following:

    a. The incident itself;

    b. The icy area, either before, during or after the incident; and

    c. The plaintiff, either before, during or after the incident, including but not limited to any subsequent surveillance of the plaintiff.

**RESPONSE:**

7

15.    Please produce any and all diagrams of the icy area.

**RESPONSE:**


16.    Please produce any and all statements given by plaintiff of the events or happenings referred to in the Complaint.

**RESPONSE:**


17.    Please produce any and all medical information, either records, statements, photographs, x-rays, exhibits, reports or other documents which concern plaintiff's medical condition and health, either before or after the incident, which are in your possession or control, or in your attorney's or other agent's possession or control.

**RESPONSE:**


18.    Please produce each and every document of any kind or nature you may use, rely upon, question from or introduce at trial, including expected use as rebuttal evidence.

**RESPONSE:**


19.    Please produce any and all reports which you completed or filled out as a result of said incident for any federal, state, county or city agency concerning the incident.

**RESPONSE:**


8

20.    Please produce any and all incident reports or similar documents which any of your agents, servants, or employees or any other individuals may have completed for any reasons concerning the incident at issue in the complaint.

**RESPONSE:**


21.    Please produce any and all documents relevant to or concerning any claims or complaints, whether formal or informal, made to you and/or against you regarding falls or other mishaps, whether resulting in injuries or not, which have occurred on your Enterprise Rent-A-Car property, located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, since 2009, including but not limited to incident reports or similar documents.

**RESPONSE:**


22.    Please produce any and all documents establishing the identity of each individual who was employed by you and their respective positions (including management positions) in January 2019 at the Enterprise Rent-A-Car located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, at which the plaintiff was injured, including any and all documents establishing which employees were working on the date January 26, 2019, and their respective shifts.

**RESPONSE:**


9

23.    Please produce any and all documents establishing the identity of the person(s) or entity(ies) which was responsible for the upkeep, inspection, cleaning and maintenance of the subject icy area of the Enterprise Rent-A-Car located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, in January, 2019.

**RESPONSE:**

24.    Please produce any and all documents which are relevant to establishing the condition of the icy area at the Enterprise Rent-A-Car located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, on January 26, 2019, with particular emphasis on the area at which plaintiff was injured.

**RESPONSE:**

25.    Please produce any and all documents relevant to establishing the existence of any schedules, policies, or procedures concerning the inspection, cleaning, upkeep and maintenance of the subject icy area at the Enterprise Rent-A-Car located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, including but not limited to, how often the premises should be inspected for dangerous conditions or areas in need of clean-up, repair or other maintenance and what action should be taken when areas in need of clean-up, repair or other maintenance are discovered.

**RESPONSE:**

10

26.    Please produce any and all documents relevant to establishing whether any action was taken subsequent to the incident, wherein plaintiff fell and was injured, to clean-up, repair or remove any dangerous, or unsafe conditions on your premises which may have caused or contributed to his injury.

**RESPONSE:**

27.    Please produce any other documents otherwise utilized by you in answering plaintiff's interrogatories.

**RESPONSE:**

28.    Please produce the maintenance manager's manual with policies and procedures, including but not limited to safety procedures and policies and loss prevention procedures and policies.

**RESPONSE:**

29.    Please produce each and every memorandum, note, record or other document which depicts and documents any warning given to the public regarding the premises in question prior to or on the day of the incident.

**RESPONSE:**

30.    If any of the defendant's responses to the requests for admissions were anything other than an unqualified admission, please provide copies of each and every

document that supports your responses.

**RESPONSE:**


                                                    **JOSEPH HUFF,**

                                                    **By Counsel,**


Charles M. Love, IV (WVSB# 7477)
The Love Law Firm, PLLC
405 Capitol Street, Suite 309
Charleston, West Virginia 25301
(304) 344-5683
*Counsel for Plaintiff*
S:\2\0028\D002.docx

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

JOSEPH HUFF,

        Plaintiff,

v.                                Civil Action No._____
                                     (Honorable _____)

EAN HOLDINGS, LLC d/b/a
ENTERPRISE RENT-A-CAR,
a foreign limited liability company,

        Defendant.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT

Pursuant to Rule 36 of the West Virginia Rules of Civil Procedure, the plaintiff requests that the defendant, to whom these requests for admissions are directed, respond in writing and under oath within forty-five (45) days of service hereof:

## REQUEST FOR ADMISSIONS

1.     Admit that on January 26, 2019, the plaintiff, for purposes connected with the business conducted by the defendant, entered upon the defendant's premises of their place of business and at such time, was an invitee.

__ANSWER__:

2.     Admit that on January 26, 2019, the defendant was the occupant of the premises located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, upon which the plaintiff's alleged injury occurred.

__ANSWER__:

3.     Admit that, based upon application of the law to the facts of this case, the defendant owed to an invitee a duty to exercise ordinary care to keep and maintain their premises located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia, in a reasonably safe condition.

**ANSWER:**


4.     Admit that on January 26, 2019, the defendant was aware that there could be ice on the sidewalk of the Enterprise Rent-A-Car located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia.

**ANSWER:**


5.     Admit that on January 26, 2019, the date of the incident referred to in the plaintiff's Complaint, the defendant was aware that ice on the sidewalk may create a slipping hazard.

**ANSWER:**


6.     Admit that on or prior to January 26, 2019, the defendant knew, was aware and understood that ice is a slipping hazard.

**ANSWER:**


2

7.    Admit that on and before January 26, 2019, the date of the incident referred to in the Complaint, defendant knew, was aware and understood that people may slip and fall and injure themselves when they encounter an icy sidewalk.

**ANSWER:**

8.    Admit that on January 26, 2019, the defendant did nothing to the subject area to prevent the ice becoming a slipping hazard on the premises of the Enterprise Rent-A-Car located at 5201 MacCorkle Avenue, Southeast, Charleston, West Virginia.

**ANSWER:**

9.    Admit that Plaintiff, Joseph Huff suffered injuries as a result of his fall on January 26, 2019.

**ANSWER:**

10.    Admit that the amount of Plaintiff, Joseph Huff's medical expenses, exceeding the sum of $6,558.41, to date, are reasonable and were necessary for the treatment associated with the injuries that he suffered from the subject fall.

**ANSWER:**

3

JOSEPH HUFF,

By Counsel,

Charles M. Love, IV (WVSB# 7477)
The Love Law Firm, PLLC
405 Capitol Street, Suite 309
Charleston, West Virginia 25301
(304) 344-5683
*Counsel for Plaintiff*
S:\2\0028\D003.docx

4

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

JOSEPH HUFF,

        Plaintiff,

v.

                                     Civil Action No._____
                                     (Honorable _____)

EAN HOLDINGS, LLC d/b/a
ENTERPRISE RENT-A-CAR,
a foreign limited liability company,

        Defendant.

## CERTIFICATE OF SERVICE

I, Charles M. Love, IV, counsel for plaintiff, do hereby certify that a true and exact copy of the foregoing "Plaintiff's First Set of Interrogatories to Defendant," "Plaintiff's First Set of Requests for Production of Documents to Defendant," and "Plaintiff's First Set of Requests for Admissions to Defendant" were placed with the Summons and Complaint in the above styled action, and will be served upon the defendant with the Summons and Complaint in accordance with the West Virginia Rules of Civil Procedure, this 13th day of November, 2019.

Charles M. Love, IV, Esquire
West Virginia State Bar No. 7477

S:\2\0028\X.docx